ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| OCTAVIO SALAS CORDERO  Recurrente  v.  JUNTA DE LIBERTAD BAJO PALABRA  Recurrida | TA2025RA00230 | *Revisión Administrativa* procedente de la Junta de Libertad Bajo Palabra  Caso Núm.: 146670  Sobre: No concesión de libertad bajo palabra |
|---|---|---|

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de octubre de 2025.

Comparece Octavio Salas Cordero ("señor Salas Cordero" o "Recurrente") mediante *Petición de Revisión Administrativa* y nos solicita que revisemos la *Resolución* emitida el 15 de julio de 2025, notificada el 1 de agosto de 2025, por la Junta de Libertad Bajo Palabra ("JLBP" o "agencia recurrida"). En virtud del referido dictamen, la JLBP denegó el privilegio de libertad bajo palabra solicitado por el señor Salas Cordero.

Por los fundamentos que proceden, se *confirma* la determinación recurrida.

**I.**

El recurrente se encuentra cumpliendo una sentencia de ciento once (111) años por los delitos de asesinato en primer grado y violación a la Ley de Armas. El 3 de septiembre de 2021, la JLBP adquirió jurisdicción sobre su caso.

Tras evaluar los documentos referidos por el Departamento de Corrección y Rehabilitación ("DCR"), la JLBP dictaminó no conceder el privilegio de libertad bajo palabra al señor Salas Cordero, mediante *Resolución* emitida el 15 de julio de 2025, notificada el 1 de agosto de 2025. Atinente a la controversia ante nos, la JLBP dispuso lo siguiente:

11. Como parte del análisis de la totalidad del expediente administrativo, **la Junta tomó en consideración la opinión de las partes perjudicadas y la naturaleza y circunstancias del delito de extrema violencia** cometido por el peticionario. Esto último

demuestra que el peticionario tiene un grave menosprecio a la vida humana.[1]

(Énfasis suplido)

En atención a ello, la JLBP concluyó que el señor Salas Cordero aún no cualifica para beneficiarse del beneficio de libertad bajo palabra. Inconforme, el 4 de agosto de 2025, el recurrente presentó una *Moción de Reconsideración*, la cual fue denegada el 11 de agosto de 2025, notificado el 14 de agosto de 2025. Insatisfecho aún, el 15 de septiembre de 2025, el señor Salas Cordero acudió ante esta Curia mediante *Petición de Revisión Administrativa*. El recurrente realizó el siguiente señalamiento de error:

**Abusó de su discreción la JLBP al negar el privilegio utilizando como fundamento la opinión de las víctimas y la naturaleza y circunstancias del delito de extrema violencia, haciendo una determinación de que el recurrente tiene un gran menosprecio a la vida humana contrario a lo ordenado en su reglamento que establece que la determinación estará basada en el grado de rehabilitación y ajuste del peticionario durante el periodo de encarcelamiento, cuando el expediente refleja que éste se ha beneficiado de todos los programas provistos por el DCR, tiene estudios universitarios, no ha tenido querellas o informe negativo mientras ha estado encarcelado y según el DCR puede funcionar bajo medidas de mínima supervisión en perímetros de mínima seguridad demostrando que la determinación no está fundamentada en evidencia sustancial y en clara violación al debido proceso de ley.**

El 16 de octubre de 2025, la JLBP notificó su alegato en oposición. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

**II.**

**-A-**

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico ("LPAU"), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. La finalidad de esta disposición es delimitar la discreción de los organismos administrativos para asegurar que estos ejerzan sus funciones conforme a la ley y de forma razonable. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 96, 113-114 (2023). Es norma reiterada que, al revisar las determinaciones de los organismos

---

[1] *Véase,* Apéndice del recurso, Entrada Núm. 1, pág. 2.

administrativos, los tribunales apelativos le conceden gran consideración y deferencia, por la experiencia y el conocimiento especializado que estos poseen. *Íd.*

Por su parte, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, establece que los tribunales deben sostener las determinaciones de hechos de las agencias si están basadas en "*evidencia sustancial que obra en el expediente administrativo*". Como vemos, la norma anterior nunca ha pretendido ser absoluta. Por eso, el Tribunal Supremo ha resuelto con igual firmeza que, los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente contrarias a derecho. *Super Asphalt v. AFI y otro*, 206 DPR 803 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117 (2019).

Por otro lado, la citada Sección 4.5 de la LPAU, *supra*, dispone que "*[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal*". Aun así, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Superintendente*, 201 DPR 26 (2018). Por ende, "*los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra*". *Íd.* Lo anterior responde a la vasta experiencia y al conocimiento especializado que tienen las agencias sobre los asuntos que le son encomendados. *Capó Cruz v. Junta de Planificación,* 204 DPR 581 (2020).

Por consiguiente, dada la presunción de corrección y regularidad que reviste a las determinaciones de hecho elaboradas por las agencias administrativas, éstas deben ser respetadas mientras la parte que las impugna no produzca evidencia suficiente para derrotarlas. *Graciani Rodríguez v. Garaje Isla Verde, supra*. Al revisar las decisiones de las agencias, el criterio rector que debe guiar a los tribunales es la razonabilidad de la actuación, aunque esta no tiene que ser la única o la más razonable. *Hernández Feliciano v. Mun. Quebradillas, supra.*

Por lo tanto, si al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos

constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Íd.*

Acorde con lo antes expuesto, la revisión judicial de los dictámenes administrativos está limitada a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si esta actuó de forma arbitraria, caprichosa o ilegal. *Íd.* Por tanto, si una parte afectada por un dictamen administrativo impugna las determinaciones de hecho, esta tiene la obligación de derrotar, con suficiente evidencia, que la decisión del ente administrativo no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Capó Cruz v. Junta de Planificación, supra; Rebollo v. Yiyi Motors,* 161 DPR 69, 77 (2004). De no identificarse y demostrarse esa otra prueba en el expediente administrativo, las determinaciones de hechos deben sostenerse por el tribunal revisor, pues el recurrente no ha logrado rebatir la presunción de corrección o legalidad. *O.E.G. v. Rodríguez,* 159 DPR 98, 118 (2003).

**-B-**

La Ley Núm. 118 de 22 de julio de 1974, según enmendada, conocida como "*Ley de la Junta de Libertad Bajo Palabra*" ("Ley 118"), 4 LPRA sec. 1501 *et seq.*, creó la JLBP. El Artículo 3 de la Ley 118, 4 LPRA sec. 1503, le confirió a la JLBP el poder de "decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico". Entre los criterios que la JLBP deberá tomar en consideración al denegar o conceder el privilegio de libertad bajo palabra se encuentra la naturaleza y circunstancias del delito y la opinión de la víctima. *Íd.*

Por otro lado, el procedimiento para la concesión de la libertad bajo palabra está regulado por el Reglamento Núm. 9603, *Reglamento de la Junta de Libertad Bajo Palabra,* aprobado el 25 de septiembre de 2024 ("Reglamento Núm. 9603") y vigente al momento de los hechos. Así pues, el Artículo X, Sección 10.1 del Reglamento Núm. 9603 estipula los criterios, con relación al peticionario, que la JLBP deberá tomar en consideración al conceder o denegar el privilegio. En lo aquí pertinente, la JLBP tendrá que examinar lo siguiente:

> B. Al evaluar los casos, la Junta tomará en consideración los siguientes criterios con relación al peticionario:

**1. Historial delictivo**

[...]

   c. Naturaleza y circunstancias del delito, por el cual cumple sentencia, incluyendo el grado de fuerza o violencia utilizado en la comisión del delito.

[...]

**6. La opinión de la víctima**

   a. La opinión de la víctima constituye un factor a ser considerado por la Junta, pero la determinación sobre el grado de rehabilitación y si está capacitado para continuar cumpliendo su sentencia en la libre comunidad es prerrogativa de la Junta.

Nuestro más Alto Foro ha reconocido que "*el beneficio de la libertad bajo palabra* ***no es un derecho reclamable, sino un privilegio*** *cuya concesión y administración recae en el tribunal o en la Junta*". (Énfasis suplido). *Quiles v. Del Valle*, 167 DPR 458, 475 (2006).

### III.

En el recurso que nos ocupa, el recurrente arguye que la JLBP incidió al tomar en consideración la opinión de las víctimas y la naturaleza y circunstancias del delito y, como consecuencia, no concederle el privilegio de libertad bajo palabra. Particulariza que cumple con todos los criterios para ser acreedor de dicho privilegio.

Por su parte, la JLBP reitera que el señor Salas Cordero no cumple con la totalidad de los criterios establecidos por el Reglamento Núm. 9603. Añade que la naturaleza y circunstancias del delito, así como la opinión de las víctimas, forman parte de los criterios de elegibilidad que deberán ser analizados al determinar si una parte merece beneficiarse del privilegio de libertad bajo palabra. Así dispuesto, manifiesta que, al denegar el privilegio solicitado por el recurrente, actuó dentro del marco discrecional que se le ha conferido por Ley.

Según el Reglamento Núm. 9603, al conceder o denegar el privilegio de libertad bajo palabra, la JLBP viene obligada a evaluar un conjunto de factores conforme a los pormenores del caso. A esos efectos, el aludido reglamento exige que la agencia recurrida tome en consideración la naturaleza y circunstancias del delito, al igual que la opinión de las víctimas. Únicamente al analizar la totalidad de los criterios es que la

JLBP podrá determinar si la parte promovente merece ser acreedor del privilegio de libertad bajo palabra.

Examinado el expediente, así como los documentos confidenciales que lo componen, constatamos que la determinación de la JLBP fue basada en la totalidad de los criterios requeridos por el Reglamento Núm. 9603. En vista de lo anterior, no podemos concluir, como aduce el recurrente, que la JLBP incidió al utilizar como fundamento las circunstancias del delito y la opinión de las víctimas. Ante la ausencia de evidencia que demuestre que la JLBP actuó de manera arbitraria, irrazonable o ilegal, colegimos que la agencia recurrida actuó conforme a derecho al no concederle al señor Salas Cordero el privilegio de libertad bajo palabra.

Finalmente, advertimos que nuestra determinación no implica que el recurrente no pueda solicitar de nuevo el privilegio de libertad bajo palabra. Conforme surge del dictamen recurrido, en julio de 2026, tendrá la oportunidad de presentar una nueva solicitud, a tenor con los criterios del *Reglamento de la Junta de Libertad Bajo Palabra*. A tales efetos, resulta menester destacar que la JLBP es el organismo quien ostenta el *expertise* necesario para determinar si, en un futuro, el recurrente cuenta con la totalidad de los factores requeridos para lograr beneficiarse de dicho privilegio.

**IV.**

Por los fundamentos que anteceden, se *Confirma* el dictamen recurrido.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones